## C. L. GERDNER v. STATE.

No. A-6277. Opinion Filed Nov. 12, 1927.
Rehearing Denied Jan. 23, 1928.
(262 Pac. 1077.)

J. W. Osmond and H. W. Sitton, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, P. J. This appeal is prosecuted to reverse the judgment of the court below, pronounced upon the verdict of the jury, finding appellant guilty of transporting intoxicating liquor, second offense, and assessing his punishment at a fine of $200 and confinement in the penitentiary for the term of 2 years.

The assignments of error relied upon for a reversal of the judgment question the sufficiency of the information and the sufficiency of the evidence to sustain a conviction.

The information, omitting formal parts, charges:

"That C. L. Gerdner, on or about the 2d day of June, 1923, and prior to the filing of the information in this case, was informed against by information in the county court of Tillman county, Okla., a court of competent jurisdiction, by information duly filed in said court on the 2d day of June, 1925, by J. R. Huggins, county attorney of Tillman county, Okla., for the crime of manufacturing whisky, and upon the 19th day of June, 1923, the said C. L. Gerdner personally appeared in open court and upon his plea of not guilty to said charge and information was duly tried and convicted by a jury regularly impaneled and sworn to try said cause, and his punishment fixed by imprisonment in the county jail for a period of 30 days and a fine of $50; and that in pursuance of said verdict of the jury, he was by the court sentenced to serve 30 days in the county jail of Tillman county, Okla., and pay a fine of $50

and costs; and that after said sentence aforesaid and prior to the filing of this information, in this case, to wit, on or about the 15th day of September, 1925, in Tillman county, Okla., the said C. L. Gerdner did then and there violate the liquor laws of the state of Oklahoma for a second and subsequent time, in the manner and form as follows, to wit: That C. L. Gerdner having been previously convicted as aforesaid, did then and there willfully, knowingly, unlawfully, and feloniously on the 15th day of September, 1925, transport and convey certain spirituous, vinous, fermented, malt, and intoxicating liquor, to wit, 120 gallons of whisky, from the southwest corner of the town of Chattanooga, Okla., along the public road to a point one mile west of said town; thence south along the public road to a point two miles south of said town; thence one half mile east along the public road; contrary to," etc.

A demurrer was interposed to the information on the ground that it failed to state facts sufficient to constitute an offense.

We deem it sufficient to say that the information is sufficient and properly charges the offense, including the previous conviction for a violation of the prohibitory liquor law, as provided by section 6991, C. S. 1921.

Claude Price, a deputy sheriff and night watchman at Chattanooga, observed a truck going through town at a very rapid rate of speed and followed it a mile west and two south where the truck stalled in a mudhole; he was then about twenty steps behind it and held his flash light on it; the man in the truck ran and disappeared. He testified that the man corresponded in size and description and appearance with the defendant; that the truck contained 120 gallons of whisky in fruit jars.

On cross-examination he stated he did not know who this man was and could not swear who the man was.

J. F. Hendley and his wife were witnesses for the state, and each testified that the truck in question was transferred to the defendant C. L. Gerdner with the understanding that he was to finish paying for the same, and there is some correspondence in the record between Hendley and the defendant which supports the testimony of Hendley and his wife that prior to the seizure of this truck and whisky the truck had been transferred by Hendley to the defendant and delivered to him, and that the defendant was to finish paying for the same.

The evidence shows that the next day after the truck and whisky was seized the defendant appeared in the town of Chattanooga, driving through there in a Cadillac automobile, that at that time the truck was in the possession of the officers on the street in Chattanooga, and the defendant had an opportunity to see that the same had been seized. The defendant drove from Chattanooga to Grandfield to the home of the Hendleys, where according to the testimony of Mrs. Hendley he informed her that the truck and whisky had been seized.

It appears that the defendant then drove from Grandfield to Wichita Falls, Tex., and there bought another truck and loaded it with eleven oak barrels and started back to Oklahoma and was arrested for transporting this particular whisky on the night before as he went through the town of Grandfield.

The state introduced in evidence the information, the verdict, and the judgment of the county court of Tillman county, showing that on the 17th day of May, 1924, this defendant was convicted in said court on a charge of unlawfully manufacturing whisky, and sentenced to pay a fine of $50 and the costs, and to serve a term of 30 days' imprisonment in the county jail. The

record also discloses that no appeal was taken from said judgment.

The defendant testified that he was running a hotel at Cement, and was there the night the truck was seized, that he did not authorize anybody to haul whisky on the truck; that he was in Chattanooga and in Grandfield the next day and arrived at Wichita Falls about the noon hour; that he was driving a Cadillac car, and left Cement that morning; that prior to that time J. F. Hendley told him that there was a note due on the truck and if he would pay the note he could take the truck, and that he turned the truck over to his sons several days before the seizure; that he saw the truck on the street in Chattanooga and stopped at Mr. Hendley's in Grandfield, to notify him about his truck; that he told Mrs. Hendley that the truck had been seized the night before; that returning that night from Wichita Falls his boy was driving a new truck, loaded with new grape barrels; he was stopped at Grandfield by an officer, who said that he wanted to search the truck; he asked him if he had a search warrant. The officer said, "I don't need any, I have a warrant for you," and the officer took him to Frederick.

On cross-examination he admitted that he had been previously convicted of a violation of the liquor law in the county court of Tillman county and had served at least 26 days in jail on the sentence; that he had been convicted of crimes in the federal court in the state of Texas.

Two witnesses testified that they were oil field workers and saw the defendant at his hotel in the town of Cement on the night in question.

Thus it appears that the only controverted issue of fact on the trial of this case was the question of the

identity of the defendant as the person who was driving the Ford truck loaded with 120 gallons of whisky.

It is contended that the evidence given upon the trial was legally insufficient to connect the defendant with the crime. In this connection it is urged that, because no witness saw the defendant with the whisky or in the possession of the truck on the night of its seizure; that is, that there was no witness who positively identified the defendant as the person with the truck, the evidence is therefore insufficient.

The rule is well settled that where the evidence is circumstantial, and the circumstances are such as to reasonably justify an inference of guilt, the weight and value of such testimony are exclusively for the jury. It is only where the evidence obviously does not warrant the inference of guilt that the court will interfere. Otherwise, the weight of circumstantial evidence and the inference to be drawn from it in almost every case would finally be determined by the appellate court.

It is the well-settled doctrine in this state that a verdict of a jury based upon circumstantial evidence, comes to us as any other verdict, and, unless we can say that the inference of guilt drawn from the evidence was wholly unwarranted, we cannot interfere. Wainscott v. State, 8 Okla. Cr. 590, 129 P. 655.

The credibility of the testimony of the defendant and the witnesses testifying in his behalf is the exclusive province of the jury to determine, and although such testimony may be uncontradicted and not directly impeached, when there are facts and circumstances admitted and proved, tending to lessen the probability that such testimony is true, the jury may give it such weight as they deem proper, even to the extent of wholly disregarding the same.

The court fully and fairly covered the law of the case in the instructions given to the jury.

No error appearing in the record, the judgment is affirmed.

EDWARDS and DAVENPORT, JJ., concur.